**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

WADE ANTHONY MAYES,

       Defendant - Appellant.

No. 01-4210
D.C. No. 2:01-CR-60-01-S
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is an appeal from a judgment and commitment order. Defendant was convicted for violation of 18 U.S.C. § 2119, Armed Car jacking, and 18 U.S.C. §

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

924(c), Brandishing a Firearm during a Crime of Violence. Pursuant to federal law, the sentence for violation of 18 U.S.C. § 924(c) was ordered to run consecutively to the armed car jacking count. At sentencing, the district court determined that Defendant had not demonstrated an appropriate level of acceptance of responsibility since the time of the offense. Thus, the district court did not grant the three-point reduction in offense level described in U.S.S.G. § 3E1.1 for acceptance of responsibility. Defendant timely appealed.

Defendant claims that (1) the district court erred in denying him any credit for acceptance of responsibility and (2) his trial counsel was ineffective. Counsel filed a brief following the mandate of Anders v. California, 386 U.S. 738 (1967). This filing included all the appropriate notices to Appellant. Counsel filed a simultaneous Motion to Withdraw. Appellant has not notified this court that he has new counsel nor has he filed a supplemental brief. Therefore, we will decide the case on the pleadings already submitted and the record on appeal.

Defendant first claims that the district court erred in denying him any credit for acceptance of responsibility. A "trial court's determination of whether a defendant has accepted responsibility is subject to great deference on review and should not be disturbed unless it is without foundation." United States v. Amos, 984 F.2d 1067, 1071-72 (10th Cir. 1993). At sentencing, the district court stated that

in this case . . . there is not a basis for the Court to grant acceptance of responsibility. Although [Defendant] has admitted to the basic elements of the charge I find based on what I have reviewed here that he has cast [what] I believe [are] unsubstantiated comments with respect to the victim and his statement of the facts and that he appears to cast responsibility for whatever occurred on this occasion upon his co-defendant and has not taken full responsibility for his involvement in what occurred on this very traumatic day for the victim. Accordingly, I am going to not grant him acceptance of responsibility.

Rec., Vol. 2, at 13-14. We agree with the district court's assessment.

Turning to the second issue, we stated in our Order of October 17, 2002, that Defendant's ineffective assistance of counsel claim cannot be raised on direct appeal because that issue must first be addressed in a 28 U.S.C. § 2255 motion in the district court where Defendant was convicted. See United States v. Galloway, 56 F.3d 1239 (10th Cir. 1995).

Counsel's Motion to Withdraw is **GRANTED**. The conviction and sentence are **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge
